IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HELSON PABON GONZALEZ,[1]

        Plaintiff,

v.

CAPTAIN FLANNERY,

        Defendant.

OPINION & ORDER

17-cv-852-jdp

---

Plaintiff Helson Pabon Gonzalez, appearing pro se, is a prisoner at the Wisconsin Secure Program Facility. He has filed this civil action, one in a series of lawsuits he has recently filed. He has made an initial partial payment of the filing fee as previously directed by the court. The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.

Pabon Gonzalez's complaint does not include a statement of the factual events underlying his claims. Instead he attaches an inmate grievance and appeal onto which he appears to have written additional information. *See* Dkt. 1. But the documents are written mostly in Spanish. As I explained in one of his earlier cases, this court does not have an official interpreter available to translate civil complaints from Spanish into English. *See Pabon Gonzalez*

---

[1] Pabon Gonzalez named fellow inmates Daniel Gonzalez and Nathaniel Cabrera as plaintiffs in the case, but neither of them signed the complaint. Dkt. 1. The clerk of court sent copies to these inmates' last known addresses. Daniel Gonzalez responded by saying that he is only a witness in the case, not a co-plaintiff. Dkt. 9. The mail to Cabrera was returned as undeliverable. Dkt. 8. So this case will proceed with Pabon Gonzalez as the only plaintiff.

*v. Garner*, No. 16-cv-852-jdp (W.D. Wis. Jan. 4, 2017, at 1). I know from his other cases that English is not his first language, but that he is capable of communicating in written English. So I will dismiss his complaint under Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint should be written so that the court and the opposing party can understand what the plaintiff is alleging. *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

But I will give Pabon Gonzalez an opportunity to amend his complaint. He should draft his amended complaint, in English, as if he were telling a story to people who know nothing about his situation. He should simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief he wants the court to provide.

If Pabon Gonzalez fails to submit an amended complaint by the deadline set below, I will dismiss the complaint for failure to state a claim upon which relief may be granted and I will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Pabon Gonzalez has filed two motions for an extension of his legal loan, Dkt. 3 and Dkt. 7, that are identical to his motions in case nos. 17-cv-850-jdp and 17-cv-851-jdp. I already denied his motions in the '850 case, *see* Dkt. 11 in that case, and I will deny them here for the same reason: this court generally does not interfere with the Department of Corrections' administration of legal loans, and given the many filings he has submitted in his recent cases in this court, there is no reason to think that prison officials are restricting his ability to litigate his cases.

ORDER

IT IS ORDERED that:

1. Plaintiff Helson Pabon Gonzalez's complaint is DISMISSED under Federal Rule of Civil Rule of Procedure 8.

2. Plaintiff may have until September 14, 2018, to submit an amended complaint that complies with Rule 8.

3. Plaintiff's motions for an extension of his legal loan, Dkt. 3 and Dkt. 7, are DENIED.

Entered August 27, 2018.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge